# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EMILY LAUREN EVERETT (2), <br><br> Defendant. | Case Nos. 08CR3920-H <br><br> ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE CRIMINAL RECORD |

Pending before the Court is Defendant Emily Lauren Everett's ("Defendant") *pro se* motion to expunge her criminal record. (Doc. No. 75.) The Defendant seeks to expunge her criminal record over concerns that her conviction may be an obstacle in obtaining employment in the medical field. (Id.) As of the date of this order, the Government has not filed a response to the Defendant's motion. For the reasons set forth below, the Court denies the Defendant's motion.

## Background

On December 4, 2008, the Defendant tendered a guilty plea before the Magistrate Judge to a charge of importation of marijuana and aiding and abetting, in violation of Title 21 U.S.C. §§ 952 and 960 and Title 18 U.S.C. § 2. (Doc. No. 18.) The Defendant executed a written plea agreement (Doc. No. 19) and the Magistrate Judge issued a

Findings and Recommendation recommending that this Court accept the Defendant's guilty plea. (Doc. No. 24.) On February 19, 2009, this Court adopted the Findings and Recommendation of the Magistrate Judge and accepted the Defendant's guilty plea. (Doc. No. 32.) On March 30, 2009, the Court sentenced the Defendant to four months of custody followed by two years of supervised release. (Doc. Nos. 41 and 44.) On May 3, 2010, after the Defendant admitted to violating the terms and conditions of her supervised release, the Court revoked the Defendant's term of supervised release and issued a custodial term of three months followed by a new term of supervised release for a period of 18 months. (Doc. Nos. 62 and 63.) On December 20, 2010, after having admitted to subsequent violations of supervised release, the Court again revoked the Defendant's term of supervised release and issued a custodial term of three months followed by a new term of supervised release for a period of two years. (Doc. Nos. 70 and 72.) No violations of supervised release have occurred since the last revocation matter. On March 26, 2019, the Defendant filed a motion to expunge her criminal record. (Doc. No 75.)

**Discussion**

"[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004). Therefore, expunging a criminal record differs from vacating a conviction because "[w]hen a court vacates a conviction, it sets aside or nullifies the conviction and its attendant legal disabilities; the court does not necessarily attempt to erase the fact of the conviction." Id. In essence, a defendant who seeks to expunge a criminal record requests "the judicial editing of history." Id.

There are "two sources of authority by which courts may expunge records of criminal conviction: statutory authority and inherent authority." Id. With respect to statutory authority, expungement of a federal criminal record is governed by Title 18 U.S.C. § 3607(b) and (c), which provides:

**(b) Record of disposition.**--A nonpublic record of a disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall be retained by the Department of Justice solely for the purpose of use by the courts in determining in any subsequent proceeding whether a person qualifies for the disposition provided in subsection (a) or the expungement provided in subsection (c). A disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

**(c) Expungement of record of disposition.**--*If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person.* The expungement order shall direct that there be expunged from all official records, except the nonpublic records referred to in subsection (b), all references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof. The effect of the order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or institution of criminal proceedings. A person concerning whom such an order has been entered shall not be held thereafter under any provision of law to be guilty of perjury, false swearing, or making a false statement by reason of his failure to recite or acknowledge such arrests or institution of criminal proceedings, or the results thereof, in response to an inquiry made of him for any purpose.

(emphasis added).

Although the Defendant was 19 years old[1] at the time she committed the offense of importing marijuana into the United States in violation of Title 21 U.S.C. §§ 952 and 960 and aiding and abetting in violation of Title 18 U.S.C. § 2, she was not charged and convicted for simple possession under Title 21 U.S.C. § 844. See United States v.

---

[1] According to the Defendant's sentencing memorandum, the Defendant had "just passed her 19th birthday at the time of committing this offense." (Doc. No. 39 at 3.)

Powell, 932 F.2d 1337, 1341-42 (9th Cir. 1991) (Discussing simple possession under Title 21 U.S.C. § 844.). Accordingly, the Defendant is not eligible for the relief she seeks under this statute because Title 18 U.S.C. § 3607(c) expressly limits a federal court's statutory authority to expunge a criminal record only for a conviction of simple possession under Title 21 U.S.C. § 844.

As to inherent authority, federal courts have "inherent authority to expunge criminal records in appropriate and extraordinary cases." Crowell at 793. Only when a defendant "has succeeded in getting her conviction vacated, a district court may then determine whether the petitioner has asserted circumstances extraordinary and unusual enough that would merit expungement of her criminal judicial records." Crowell at 796. Thus, a federal court's inherent authority to expunge a criminal record "is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." United States v. Sumner, 226 F.3d. 1005, 1014 (9th Cir. 2000). Furthermore, "even where a conviction has been held unlawful and vacated, expungement remains a narrow, extraordinary exception, one appropriately used only in extreme circumstances." Crowell at 796 (internal citation and quotations omitted).[2]

The Defendant has never petitioned this Court to vacate her conviction on any grounds. Since the Defendant has not satisfied the first prong set forth in Crowell, the Court need not proceed further to determine whether expungement is appropriate in this case. See United States v. Doan, No. CR. 97-01039-06 ACK, 2009 WL 587391, at *1 (D. Haw. Mar. 6, 2009) (Kay, J.) ("Defendant has never moved for this Court to vacate

---

[2] Although the Ninth Circuit has yet to address a case involving a defendant seeking expungement after the government voluntarily dismisses the criminal charges or after the defendant is acquitted of the charges, other courts have held that even dismissal or acquittal of the charges alone is not enough to justify expungement of federal criminal records. See United States v. Davis, No. CR 05-00757 DDP, 2014 WL 935355, at *5 (C.D. Cal. Mar. 10, 2014) (Pregerson, J.) (Holding that voluntary dismissal of charges by the government alone does not compel expungement of a defendant's arrest record and citing to other courts outside the Ninth Circuit that have held the same.); see also Livingston v. U.S. Dep't of Justice, 759 F.2d 74, 78, n.30 (D.C. Cir. 1985) ("Even individuals acquitted at trial are not entitled to expungement of their records[.]"); United States v. Noonan, 906 F.2d 952 (3rd Cir. 1990) (Holding that a defendant formally convicted is not entitled to an expungement of his criminal record upon receiving a presidential pardon.).

her conviction on any grounds. This fact alone is fatal to the instant Motion because Defendant must first successfully have her conviction vacated before expungement could become an appropriate option."); see also 28 James Wm. Moore et al., Moore's Federal Practice § 672.02[e] (3d ed.1999) ("[I]t is only after the underlying conviction has been vacated that a successful defendant can seek expungement[.]"). Moreover, the Defendant has never made any claims that she was subjected to an unlawful arrest or an unlawful conviction in this case and has never made any claims that there were clerical errors in the record that would warrant the relief she seeks. These circumstances alone would lead the Court to deny the Defendant's motion on its face. Nevertheless, the Court turns to the arguments made in the Defendant's motion and addresses the Defendant's position that expungement of her criminal record is appropriate based solely on equitable grounds.

A federal court does not have inherent authority to expunge a record of a valid arrest and conviction solely for equitable considerations. Sumner at 1014. The Ninth Circuit explained that "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." Id. See also United States v. Meyer, 439 F.3d 855, 862 (8th Cir. 2006) (Agreeing with the Ninth Circuit's holding in Sumner and further noting that "[f]or obvious and quite important reasons, Congress has recognized the critical nature of preserving criminal records and has specified the use and effect of certain criminal convictions.") Additionally, "[e]ven where a conviction has been set aside and expungement of judicial records deemed appropriate, expungement of executive records might not be. [The courts] maintain control over judicial records, but Congress has instructed the executive to maintain certain records." Crowell at 796, n.6; see also Meyer at 862 ("[O]rdering the Executive Branch to expunge its records contravenes the statute requiring the Attorney General to preserve records" under Title 28 U.S.C. § 534.).

The Defendant cites to her completion of her sentence and supervised release.

-5-

(Doc. No. 75.) She states that she has been gainfully employed and has stayed active in her community. (Id.) The Defendant indicated that she is working towards a degree in the medical field and is concerned that her federal criminal conviction may halt her career aspirations. (Id.) While the Court commends and appreciates the Defendant's contributions to her community and her aspiration to work in the medical field, and sympathizes with her situation, the Court is without authority to grant the Defendant's request to expunge her federal criminal record based solely on equitable grounds, including employability. See United States v. Elizalde, No. 02-CR-2253-L, 2017 WL 1438203, at *1 (S.D. Cal. Apr. 24, 2017) (Lorenz, J.) ("Collateral consequences, such as obstacles to pursuing a career in the medical profession, are insufficient to warrant relief [of expunging a federal criminal record.]"); see also United States v. Brooks-Hamilton, No. 05-CR-00631-SI-1, 2015 WL 5680907, at *1 (N.D. Cal. Sept. 28, 2015) (Illston, J.) ("[C]ourts will not expunge criminal records for the sole purpose of avoiding collateral consequences, such as to a defendant's immigration status or employability.").

## Conclusion

Although the Defendant was under the age of 21 years old when she committed the offense in this case, she was charged and convicted of importation of marijuana in violation of Title 21 U.S.C. §§ 952 and 960 and aiding and abetting in violation of Title 18 U.S.C. § 2, and not simple possession under Title 21 U.S.C. § 844. Accordingly, Title 18 U.S.C. § 3607(b) and (c) does not apply to the Defendant's case and the Defendant is ineligible for expungement of her criminal record under this statute.

The Court's inherent authority is limited to expunging a record of an unlawful arrest or conviction, or correction of a clerical error, and such inherent authority is exercised only in extreme circumstances. In this matter, the Defendant was lawfully arrested and her conviction was lawfully obtained by way of a voluntary plea of guilty to the offense and an imposition of a valid sentence. Additionally, the Defendant does not claim that any clerical errors were made in this case. Moreover, the Defendant's conviction in this case has never been vacated. Furthermore, the Court is without

authority to order an expungement of a valid criminal conviction record based solely on equitable grounds, including employability. Accordingly, the Court DENIES the Defendant's motion to expunge her criminal record.[3]

The Clerk is directed to send a copy of this order to the Defendant.

IT IS SO ORDERED.

DATED: April 4, 2019

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

---

[3] The Defendant's motion is denied based on the current state of the law. However, should Congress pass legislation with the necessary presidential approval or necessary congressional votes to override a presidential veto, permitting the Court to expunge federal criminal records based on equitable grounds, the Defendant may re-file her motion. See Doe v. United States, 833 F.3d 192, 199 (2d Cir. 2016) ("[O]ur holding that the District Court had no authority to expunge the records of a valid conviction in this case says nothing about Congress's ability to provide for jurisdiction in similar cases in the future.").